CLIFTON DISTRICT COURT.

JOSEPH FOX, PLAINTIFF, v. ARMOUR AND COMPANY, A CORPORATION, DEFENDANT.

Decided August 25, 1943.

For the plaintiff, *Maurice F. Karp.*

For the defendant, *John L. Ridley.*

COLLESTER, D. C. J.   The plaintiff, Joseph Fox, brings this action to recover overtime pay, liquidated damages and an award for a counsel fee under the Fair Labor Standards Act of 1938 commonly referred to as the Federal Wage and Hour Law, 29 *U. S. C. A.*, §§ 201 *et seq.*   Plaintiff was employed by the defendant corporation for a period of 28 years serving the last 22 years in the shipping department. He left his employment on December 21st, 1940.

The pertinent provisions of the act applicable to this proceeding are as follows:

Section 7 (section 207) "(a).   No employer shall, except as otherwise provided in this section, employ any of his

employees, who is engaged in commerce or in the production of goods for commerce—

"(1) for a work week longer than 44 hours during the first year from the foregoing date of this section,

"(2) for a work week longer than 42 hours during the second year from such date, or

"(3) for a work week longer than 40 hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Section 13 (section 213) "(a) The provisions of sections 6 and 7 shall not apply with respect to—

(1) any employee employed in a *bona fide* executive, administrative, professional or local retailing capacity, or in the capacity of outside salesman (as such terms are defined and delimited by regulations of the Administrator) ;   *   *   *"

Section 16 (section 216) "(b)   Any employer who violates section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.   Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated.   The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

It is the contention of the defendant corporation that the plaintiff was employed in a *bona fide* executive capacity and that therefore under section 13 (a) (1) of the act is exempt from the provisions thereof.

The Administrator in his regulations has defined *"bona fide* executive" as used in the act as follows:

Section 541.1 Executive. The term "employee employed in a *bona fide* executive * * * capacity" in section 13 (a) (1) of the act shall mean any employee

(a) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

(b) who customarily and regularly directs the work of other employees therein, and

(c) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of employees will be given particular weight, and

(d) who customarily and regularly exercises discretionary powers, and

(e) who is compensated for his services on a salary basis of not less than $30.00 per week (exclusive of board, lodging or other facilities) and

(f) whose hours of work of the same nature as that performed by non-exempt employees do not exceed 20% of the number of hours worked in the work-week by the non-exempt employees under his direction; provided that this subsection (f) shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment.

The foregoing definition as set forth in the Administrator's Regulations has the force of law under the provisions of the act and supersedes common understanding and dictionary definitions.

This court has given careful consideration to the evidence presented on behalf of the parties at the trial of this cause and therefrom has made the following findings:

(1) The work in which the plaintiff, Joseph Fox, was employed was essentially interstate commerce and therefore his wages and hours are regulated by the Fair Labor Standards Act.

(2) The primary duties of the plaintiff in his employment required manual labor, namely, weighing, sorting, and carrying merchandise to and from the loading platform, preparing

the same for shipment and distributing shipping slips to various drivers. I find no evidence of "management" of the department in the course of his duties, except the natural leadership resulting from long experience with the job. He might better be classified as a "lead man"—certainly not as an executive.

(3) The plaintiff did not customarily or regularly direct the work of other employees within the contemplation of the act or the Administrator's Regulations.

(4) The plaintiff had no authority to hire or fire other employees. It is also quite doubtful that plaintiff had a greater right than any other employees to recommend the hiring, firing or advancement of fellow employees.

(5) The plaintiff did not customarily or regularly exercise any discretionary powers. His work and the work of his associates was primarily one of routine requiring little, if any, discretion on the part of the employees.

(6) The plaintiff did receive as a salary $35 per week, a sum greater than the minimum salary basis established by the Regulations.

(7) The plaintiff did perform work of the same nature as performed by non-exempt employees far in excess of 20% of the number of hours worked in the work-week by non-exempt fellow employees.

From the evidence presented at the trial there can be no question but that the plaintiff was not employed in a *bona fide* executive capacity and therefore he was not exempt from the provisions of the act. It is the opinion of this court that the plaintiff is entitled to recover the sum of $164.57 for his overtime pay, an additional sum of $164.57 as liquidated damages provided by the act and a counsel fee in the sum of $75.

Judgment will therefore be entered in favor of the plaintiff, Joseph Fox, and against the defendant, Armour and Company, in the sum of four hundred and four dollars and fourteen cents ($404.14) together with costs of suit.